# Eyster's Appeal.

1. J. died indebted, his land was sold under his will to C., one of his executors. Suit was brought against the executors; C. was not served; a general judgment was taken by default. A scire facias to charge the land was issued against the executors, the widow and children, in which C. was served and in which judgment was taken by default. *Held*, that the judgments were regular and C.'s land might be sold under them.

2. C. filed a bill in equity to restrain the judgment-creditor from proceeding. *Held*, that if the judgment had been irregular, the remedy was at law by writ of error to the judgments and not in equity.

May 11th 1870.    Before Thompson, C. J., Read, Agnew and Sharswood, JJ.

Appeal from the decree of the Court of Common Pleas of *Franklin county:* In Equity : No. 102, to May Term 1870.

Jacob Eyster died on the 30th of September 1862, seised of a large real estate, which he authorized his executors, Charles W. Eyster and Christian S. Eyster (his sons), to sell, and directed that his estate should be divided amongst his wife and children according to the intestate laws.

At the time of his death the testator was in partnership with his son, Charles W. Eyster. The executors sold the real estate. One of the parcels of it was sold on the 1st of July 1864, to Anthony Frey, who immediately conveyed it to Christian S. Eyster. Charles W. Eyster was the acting executor, and appeared to have had the proceeds of the estate exclusively in his hands. The account of the executors was finally confirmed January 5th 1866; it showed a balance of $29,710.67 in their hands. On the 19th of January 1867, Charles made an assignment of all his estate for the benefit of his creditors.

On the 19th of January 1867, Samuel Frederick, executor, &c., brought suit against Charles W. Eyster, surviving partner of C. W. Eyster & Co., in which judgment was recovered May 24th for $1154.55, and a fi. fa. issued thereon, which was returned " nulla bona." On the 12th of June 1867, the same plaintiff commenced an action of assumpsit against Charles W. and Christian S. Eyster, executors, &c., of Jacob Eyster, deceased. The writ was served on Charles, and returned " nihil" as to Christian. On the 6th of August 1867, the plaintiff took judgment by default generally for want of an appearance for $1169.95.

On the 29th of June 1867, a similar action was commenced by John Sprecher against the same defendants; the return was the same ; and judgment was taken by the plaintiff August 6th 1867, in the same way for $215.60. Sprecher issued a scire facias on the above judgment; the docket entry is as follows :—

" John Sprecher *v.* Charles W. Eyster and Christian S. Eyster, executors of Jacob Eyster, deceased, with notice to Sarah, as

widow, and Charles W. Eyster, C. S. Eyster, Elizabeth, intermarried with Wesley Howe, Susan, lately intermarried with Alonzo Frey, deceased, Jacob Eyster, John S. Eyster, Edward O. Eyster, Wilbur F. Eyster, children of the said deceased.

"19th August 1867, sci. fa. to revive and continue the lien of judgment, No. 238, August T. 1867. Debt, $215.60. 30th September 1867, 'Served the within writ by reading it to the defendant, Charles W. Eyster, and making the contents known, and on Christian S. Eyster, by leaving a full, true and attested copy at his house, with an adult member of his family, so answers, &c., 28th October 1867, judgment in favor of plaintiff by default for want of an appearance for $217.60, interest and costs.'"

A similar scire facias was issued on the Frederick judgment, except that certain of the purchasers of the testator's real estate were joined as terre-tenants; Christian S. Eyster was named as legatee, &c., but not as terre-tenant.

The terre-tenants filed affidavits of defence.

In this scire facias was the following entry:—

"9th November 1867, judgment in favor of plaintiff by default for want of an appearance against each and all of the defendants, except the" (terre-tenants, naming them) for $1188.08.

Judgment was afterwards, April 16th 1868, rendered against the terre-tenants on the verdict of a jury for $1188.08. Sprecher issued a fi. fa. on his judgment to October Term 1869, and that part of the testator's real estate which Christian S. Eyster had purchased was levied on by the sheriff. Christian S. Eyster, thereupon filed a bill setting forth the foregoing facts, and also that Frederick threatened to levy upon the same real estate by virtue of his judgment. The prayers were, 1. For a decree that said real estate was "the separate and exclusive property" of the plaintiff. 2. For a decree that Sprecher's and Frederick's judgments were no subsisting liens. 3 and 4. For an injunction to restrain the sheriff from proceeding under the executions against the said real estate; and Frederick from issuing an execution to levy on and sell it. 5. For a decree that if the said real estate is liable at all, only its proportionate part shall be collected from it. 6. General relief.

An answer and replication were filed, and J. H. McCauley appointed master. He found the foregoing with other facts, and also found: "as a fact that the claims of the estate of Samuel Frederick, deceased, and of John Sprecher, now deceased, for which judgments have been obtained, as hereinbefore stated, against the executors of the said Jacob Eyster, deceased, with notice to his widow and heirs, were the proper debts of the said Jacob Eyster, existing at the time of his decease, and were then, and still are, debts binding upon all the real estate of which the said Jacob Eyster died seised."

The Court of Common Pleas (Rowe, J., delivering the opinion), confirmed the report of the master and dismissed the bill, with costs.

The plaintiff appealed to the Supreme Court, and assigned the decree of the Court of Common Pleas for error.

The case was submitted to the Supreme Court on paper-books, by

*J. W. Douglass, W. S. Stenger* and *J. McD. Sharpe,* for appellants, and

*Stumbaugh* and *Gehr,* for appellees.

The opinion of the court was delivered, July 7th 1870, by

READ, J.—Jacob Eyster died on the 30th September 1862, indebted to John Sprecher, and to Samuel Frederick, a creditor of the firm of C. W. Eyster & Co., of which the decedent was a partner. Upon these debts suits were commenced, and judgments were obtained against the executors of the decedent, and scire facias were issued upon them, with notice to the widow and heirs of the deceased, and judgments obtained upon them. In relation to these judgments, the master reports, " as a fact that the claims of the estate of Samuel Frederick, deceased, and of John Sprecher, now deceased, for which judgments have been obtained, as hereinbefore stated, against the executors of the said Jacob Eyster, deceased, with notice to his widow and heirs, were the proper debts of the said Jacob Eyster, existing at the time of the decease, and were then and still are debts binding upon *all* the real estate, of which the said Jacob Eyster died seised.

The appellant, who is one of the executors of the decedent, as a purchaser of one of the pieces of the said real estate, brings this `is bill to prevent the sale of it for the payment of these debts. The ground assumed is, that the Sprecher judgments were irregularly obtained. If this be so, then the remedy was at law by writ of error, and not by an application to a court of equity, but we agree with the learned judge in the court below, that there is no error in either of them, and that under proceedings under them, the real estate claimed by the appellant may be sold to pay the debt of the decedent.

If the appellant is obliged to pay this debt it is his own fault, for if he had attended to his duties as an executor the debt would have been paid long ago.

The creditors of the decedent should not suffer for the default of the executors.

Decree affirmed, and appeal dismissed at the costs of the appellant.